UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD SHOEMATE,

    Plaintiff,                       Hon. Janet T. Neff

v.                                          Case No. 1:10 CV 298

METALWORKS, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion to Dismiss</u>. (Dkt. #9). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part** and Plaintiff's action be **dismissed in part and remanded to state court in part**.

## BACKGROUND

On March 8, 2010, Plaintiff initiated the present action in small claims court, alleging that Defendant owes him $3,307.20 in wages for "time earned" in 2008 and 2009. Plaintiff also alleges that Defendant is in possession of unidentified "personal belongings." Defendant removed the matter to this Court on March 29, 2010. Three days later, Defendant filed the present motion to dismiss which the Court subsequently converted to a motion for summary judgment under Federal Rule of Civil Procedure 56.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere

allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Defendant asserts that it is entitled to relief on the following grounds: (1) Plaintiff's claims are preempted by the National Labor Relations Act; and (2) Plaintiff's claims are barred by the statute of limitations, his failure to file a grievance, and his failure to allege the union's breach of the duty of fair representation.

**I.     National Labor Relations Act (NLRA)**

Section 7 of the NLRA affirms the right of employees to "form, join, or assist labor organizations" and to "bargain collectively" with their employers. 29 U.S.C. § 157. Section 8 of the NLRA prohibits various "unfair labor practices" that interfere with such rights. Where a plaintiff's claims involve "an activity [that] is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board." *Alongi*, 386 F.3d at 723 (quoting *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959)). However, when the conduct in question "is only a peripheral concern of the Act or touches on interests so deeply rooted in local feeling and responsibility that. . .it could not be inferred that Congress intended to deprive the state of the power to act, [courts] refuse to invalidate state regulation or sanction of the

conduct." *Alongi*, 386 F.3d at 723 (quoting *Local 926, Int'l Union of Operating Eng'rs v. Jones*, 460 U.S. 669, 676 (1983)). Defendant asserts that Plaintiff's claims are subject to preemption under the NLRA.

On May 14, 2009, the union to which Plaintiff belonged filed a charge against Defendant, alleging, among other things, that Defendant "has engaged in bad faith bargaining and unilaterally changed the terms and conditions of employment by refusing to pay bargaining unit employees accrued vacation time and by unnecessarily delaying payment of accrued sick time." (Dkt. #9, Exhibit 3). The union asserted that this conduct violated § 8 of the NLRA. The National Labor Relations Board (NLRB) subsequently dismissed these charges. (Dkt. #9, Exhibit 4). At hearing, Plaintiff acknowledged that his unpaid wages claim arises from the allegations asserted by the union and resolved by the NLRB.[1] Thus, the union's action against the employer is sufficient to establish that such claims are "arguably subject" to § 8 of the NLRA and, therefore, preempted.

On the other hand, Plaintiff's claim that Defendant possesses certain "personal belongings" appears to be simply a straightforward state law claim for theft or conversion. While Defendant asserts that this claim is also subject to the terms of the collective bargaining agreement (CBA), it has failed to identify any provision thereof supporting its position. Accordingly, the Court finds that such "is only a peripheral concern of the Act or touches on interests so deeply rooted in local feeling and responsibility that" preemption of such is not appropriate.

---

[1] If the Court has misunderstood or misinterpreted Plaintiff's apparent concession on this issue, Plaintiff should address such in any objections he might submit in response to this Report and Recommendation.

**II.     Statute of Limitations - Labor Management Relations Act (LMRA)**

Section 301(a) of the LMRA provides that claims "for violation of contracts between an employer and a labor organization. . .may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The Supreme Court has observed that § 301 possesses an "unusually powerful pre-emptive force." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 7 (2003). As the Sixth Circuit has held, "Section 301's sphere of complete pre-emption extends to state law claims that are substantially dependent on analysis of a collective bargaining agreement, but it does not reach claims that only tangentially involve CBA provisions." *Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004). Section 301 preemption applies unless the claim in question both arises under state law and does not require interpretation of the collective bargaining agreement. *Id.* Claims that are subject to § 301 preemption are generally subject to a six-month statute of limitations. *See Frazier v. Meijer Great Lakes, L.P.*, 2007 WL 1101188 at *3 (W.D. Mich., Apr. 11, 2007). Defendant asserts that the claims in Plaintiff's complaint, subject to § 301 preemption, were not timely filed.

In support of its claim that Plaintiff's claims are preempted by § 301, Defendant has submitted a copy of the CBA between Defendant and the union to which Plaintiff belonged. (Dkt. #15, Exhibit B). Defendant asserts that because the claims in Plaintiff's complaint cannot be resolved without resort to the CBA, such claims are preempted by the LMRA. Plaintiff's unpaid wages claim clearly involves matters addressed in the CBA. The only question is whether the alleged wages to which Plaintiff claims entitlement accrued while the CBA was in effect. Defendant asserts that the CBA was in effect during the time period implicated by Plaintiff's claims.

The CBA provides that it "shall remain in force until September 30, 2008." According to Defendant, "[d]uring bargaining with the Union, the Labor Contract was extended to October 29, 2008." (Dkt. #15, Exhibit A). Defendant has submitted no evidence that the CBA was extended beyond this date. However, as previously noted, Plaintiff acknowledged at hearing that his unpaid wages claim was advanced by the union before the NLRB. The Court finds that such constitutes sufficient evidence that this particular claim accrued during the time the CBA was in effect. Thus, this claim cannot be resolved without resort to the CBA. Plaintiff's unpaid wages claim is, therefore, subject to the six month statute of limitations articulated above. In his complaint, Plaintiff asserts that his unpaid wages claim arose in March 2009. Plaintiff did not initiate the present action, however, until March 2010, well after the expiration of the six month limitations period.

As for Plaintiff's claim that Defendant possesses certain "personal belongings," the Court finds that such "only tangentially" (if at all) involves the provisions of the CBA. Instead, this appears to be the type of state law claim to which preemption does not apply. Defendant has failed to identify any provision of the CBA applicable to this particular claim. Defendant has failed, therefore, to demonstrate that Plaintiff's "personal belongings" claim is subject to LMRA preemption.

**III.**     **Plaintiff's Failure to File a Grievance and Union's Duty of Fair Representation**

Prior to bringing an action under § 301(a) of the LMRA, an employee must first avail himself of the available "contractual grievance and arbitration procedures. . .where the collective bargaining agreement sued upon provides for such procedures." *Kentucky State District Council of Carpenters, AFL-CIO v. Wehr Constructors, Inc.*, 1993 WL 288277 at *3 (6th Cir., July 28, 1993) (citations omitted). As the court recognized, "[a] rule that permitted an individual to sidestep available

grievance procedures would cause arbitration to lose most of its effectiveness. . .as well as eviscerate a central tenet of federal labor-contract law under § 301 that [it] is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance." *Id.* (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

As previously noted, the Court finds that Plaintiff's unpaid wages claim accrued while the CBA was in effect. Accordingly, before initiating the present action Plaintiff was required to avail himself of the grievance procedures articulated in the CBA. Plaintiff acknowledged at hearing that he failed to do so. Such is fatal to Plaintiff's unpaid wages claim. As for Plaintiff's personal belongings claim, the Court reaches a different conclusion. The Court discerns nothing in the CBA that addresses this particular matter. Thus, the Court concludes that Plaintiff was not required to first exhaust this matter before initiating the present action.

Finally, Defendant asserts that Plaintiff's claims must be dismissed because Plaintiff failed to allege that the union breached its duty of fair representation. In support of this claim, Defendant relies on *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625 (6th Cir. 2009). In this case, Courie sued both his employer and the union to which he belonged, challenging a settlement the parties reached in response to a grievance Courie initiated. The court concluded that Courie could not prevail on his claim unless he demonstrated that the union breached its duty of fair representation in prosecuting his grievance. *Id.* at 630. The Court fails to discern the relevance of this authority, as Plaintiff has neither sued nor seeks relief from his union. It appears that Defendant has taken the position that an employer is immune from liability in an action initiated by a union employee unless the employee also demonstrates that the union breached its duty of fair representation. The Court does not,

however, interpret *Courie* in this manner and Defendant has identified no other authority supporting this position.

In sum, the undersigned recommends that Plaintiff's unpaid wages claim be dismissed for the various reasons discussed above. The undersigned further recommends, however, that Plaintiff's personal belongings claim is neither subject to preemption nor subject to dismissal on any grounds advanced by Defendant. While the Court *could* retain jurisdiction over Plaintiff's personal belongings claim, the undersigned recommends that this claim be remanded to state court. *See* 28 U.S.C.§ 1367; 28 U.S.C. § 1441(c); *Knatt v. Hospital Service Dist. No. 1 of East Baton Rouge Parish*, 2010 WL 1439277 at (5th Cir., Apr. 12, 2010).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (dkt. #9), be **granted in part and denied in part** and Plaintiff's action be **dismissed in part and remanded to state court in part**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 24, 2010

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge